ATTACHMENT 2 - EEOC Complaint Form

# United States District Court
## for the Western District of Texas
### Austin Division

R. James Nicholson

Secretary of V.A

_____
(Name of plaintiff or plaintiffs)

_____ Civil Action Number:

A05CA 360SS

v. Alberta Dukes

1601 Montopolis Dr. #517

Austin, Texas

_____
(Name of defendant or defendants)

_____
(Case Number to be supplied by the Intake Clerk)

RECEIVED MAY 17 2005 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS BY _____ DEPUTY CLERK

FILED MAY 25 2005 CLERK, U.S. DISTRICT COURT WESTERN DISTRICT OF TEXAS

## COMPLAINT

1. This action is brought by Alberta Dukes, Plaintiff, pursuant to the following selected jurisdiction:

   (Please select the applicable jurisdiction)

   [✓] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.) Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

   [✓] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (ADEA).

   [✓] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (ADA).

   [ ] The Equal Pay Act (29 USC § 206(d)) (EPA).

   [✓] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

25

2. Defendant _____(Defendant's name) lives at, or its business is located at _____(street address), _____ _____(city), _____(state), _____(zip).

3a. Plaintiff sought employment from the defendant or was employed by the defendant at  2901 Montopolis DR  (street address), Austin Texas (city), _____(state), 78741 (zip).

3b. At all relevant times of claim of discrimination, Defendant employed _____ (#) employees. If defendant is a union, at all relevant times of claim of discrimination, Defendant had ___ (#) members.

4. Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about  June  (month)  1  (day)  2001  (year). If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts:  June 1, 2001  _____ _____.

5. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about  June  (month)  20  (day)  2001  (year). (Not applicable to federal civil service employees).

6a. The E.E.O.C. issued a Notice of Right to Sue which was received by plaintiff on  Feb  (month)  23  (day)  2005  (year). (Not applicable to ADEA and EPA claims or federal civil service employees).

VERY IMPORTANT NOTE:    PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b. Please indicate below if the E.E.O.C issued a Determination in your case:

[✓] Yes
[ ] No

VERY IMPORTANT NOTE:    IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT.

7. Because of plaintiff's:

(Please select the applicable allegation(s))

[ ]  Race (If applicable, state race) __Black__

[ ]  Color (If applicable, state color) _____

[ ]  Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim) __Female__

[ ]  Religion (If applicable, state religion) __Baptist__

[ ]  National Origin (If applicable, state national origin) _____

[ ]  Age (If applicable, state date of birth) __05/20/50   55__

[ ]  Disability (If applicable, state disability) __Back, corpral tunnel, Stress__

[ ]  Prior complaint of discrimination or opposition to acts of discrimination. (Retaliation) (If applicable, explain events of retaliation) __Reprisal__
_____
_____.

The defendant: (please select all that apply)

[ ]  failed to employ plaintiff.

[✓]  terminated plaintiff's employment.

[✓]  failed to promote plaintiff.

[✓]  harassed plaintiff.

[✓]  other (specify) __Moved 5 times & deleted all jobs I held.__
_____
_____
_____
_____.

27

8a. State specifically the circumstances under which defendant, its agent, or employees discriminated against plaintiff PERSONALLY:

<u>VERY IMPORTANT NOTE:</u>   INCLUDE <u>SPECIFIC DATES</u>, <u>SPECIFIC EVENTS</u>, AND ANY <u>SPECIFIC COMMENTS</u> MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.

May 2001 - Defendant had secret meeting with false allegation that Plaintiff was not allowed to attend to face accusers.

8b. List any witnesses who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

Debra Hill, Glenda Mathis, Kathy Saunders, Minerva Garcia, Mildred Erickson, Maxie Ginn, Ambrose Sturgis, Morris Henderson, David Henderson, Helen Kerr, Sherry Spence, Johnathan Cruse, Debra Kingwood.

8c. List any documentation that would support plaintiff's allegations and explain what the documents will prove:

Decision of Denial with list of claims filed.

9. The above acts or omissions set forth in paragraphs 7 and 8 are:

   [✓] still being committed by defendant.
   [ ] no longer being committed by defendant.

10. Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

28

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[ ]   Defendant be directed to employ plaintiff.

[✓]   Defendant be directed to re-employ plaintiff.

[✓]   Defendant be directed to promote plaintiff.

[ ]   Defendant be directed to _pay Plaintiff Back wages_
_Defendant be directed to pay Plaintiff other compensatory_
_damages. Pay Reasonable + Necessary attorney's fees_
_Defendant pay pre judgement + post judgement interest Court_
_Cost & any other relief to which Plaintiff may be entitled_
_Defendant pay Workers Comp Claim_ and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty or perjury that the foregoing is true and correct.

_05/17/05_
Date

_Alberta Ankes_
Signature of Plaintiff

_1601 Montopolis DR_
Address of Plaintiff

_Austin_   _Texas_   _78741_
City        State    Zip Code

_512-386-5633 cell 203-2540_
Telephone Number(s)

29



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Alberta M. Dukes,
Complainant,

v.

R. James Nicholson,
Secretary,
Department of Veterans Affairs,
Agency.

Request No. 05A50264

Appeal No. 01A43058
Agency No. 2003-0674-200I118036
Hearing No. 310-A2-5574-X

## DENIAL

Alberta M. Dukes (complainant) timely requested reconsideration of the decision in *Alberta M. Dukes v. Department of Veterans Affairs*, EEOC Appeal No. 01A43058 (August 5, 2004). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

In the underlying complaint, complainant contended that she was discriminated against on the bases of race (African-American), sex (female), and in reprisal for prior EEO activity in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, when:

(1) management denied her request for an office;

(2) management denied overtime pay for her travel time to training;

(3) management reprimanded her for using a government vehicle;

(4) supervisors made comments about a "bad smell" coming from the file room during a meeting and ignored her comments on the matter;

2                                                                 05A50264

(5)  management removed her from her position in the file room and temporarily reassigned her to a medical clerk position;

(6)  employees allegedly made false statements against her and these statements caused her reassignment;

(7)  management told her that she could not go into the file room unaccompanied;

(8)  management accused her of accessing a manager's medical records in the computer;

(9)  the agency took two days to respond to her request to see an attorney

(10) management accused her of asking the locksmith to perform unauthorized work and of entering the file room when she was banned from the room;

(11) a manager harassed her about the events in the file room;

(12) although other employees received monetary awards for performing similar work, she did not receive a monetary award;

(13) management denied her request for a copy of her new position description and performance plan;

(14) management told her to quit monitoring the attendance of the employees she supervised in the file room;

(15) management forced her to share a vehicle with four other people to travel to her EEO interview;

(16) management denied her the opportunity to file two workmen's compensation claims;

(17) management failed to respond to her complaint about the telephone and air conditioning problems in the Release of Information section; and,

(18) management improperly tried to use her to fire a co-worker and accused her of making a co-worker lie on her behalf.

In her request for reconsideration, complainant contends, among other things, that the agency continues to subject her to harassment. The agency did not file a response.

3                                                                                                              05A50264

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. In reaching this conclusion, the Commission notes that a review of the case file does not support any of complainant's contentions. The decision in EEOC Appeal No. 01A43058 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

---
Carlton M. Hadden, Director
Office of Federal Operations

FEB 2 3 2005
---
Date

4                                                                  05A50264

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

FEB 2 3 2005
---
Date

*[signature]*
---
Equal Opportunity Assistant

# ALBERTA M. DUKES' DAMAGES CLAIMS SUMMARY

| | |
|---|---|
| Back Wages: | $60,790.00 (see chart) |
| Front Wages: | $69,272.06 (see chart) |
| Medical/Physical Damages: | $300,000.00 |
| Emotional Damages: | $150,000.00 |
| Reputational Damages: | $200,000.00 |
| Attorney's Fees: | 33.33% pre-hearing; 40% post-hearing |

**Totals:** a. pre-hearing: $780,000 + $390,000 = **$1,170,000**

b. post-hearing: $780,000 + $520,000 = **$1,300,000**

| BACK WAGES | | | | |
|---|---|---|---|---|
| Period | Unpaid Hours | Unpaid Rate | Unpaid Weeks | Total |
| May 2001 | 20 *overtime* | $21.62 | 1 | $432.40 |
| June 2001- November 2001 | 35 *overtime per 2 weeks* | $21.62 | 25 | $9,080.40 |
| November 2001- June 2002 | 40 | $1.66 (wage differential) | 27 | $1,792.80 |
| November 2001- June 2002 | 35 *overtime per 2 weeks* | $24.11 | 27 | $11,391.98 |
| June 2002- November 2002 | 40 | $1.25 (wage differential) | 25 | $1,250.00 |
| June 2002- November 2002 | 35 *overtime per 2 weeks* | $24.11 | 25 | $10,548.13 |
| November 2002- August 2003 | 40 | $2.52 (wage differential) | 41 | $4,132.80 |
| November 2002- August 2003 | 35 *overtime per 2 weeks* | $26.01 | 41 | $18,662.18 |
| Subtotal | | | | $57,290.69 |
| Interest | | @ 6% | 119 (27½ months) | $3,500.00 (appr.) |
| Total | | | | $60,790.00 |

| FRONT WAGES | | | | |
|---|---|---|---|---|
| Period | Unpaid Hours | Unpaid Rate | Unpaid Weeks | Total |
| August 2003- November 2003 | 40 | $2.52 (wage differential) | 11 | $1,108.80 |
| August 2003- November 2003 | 35 *overtime per 2 weeks* | $26.01 | 11 | $5,006.93 |
| November 2003- November 2004 | 40 | $3.82 (wage differential) | 52 | $7,945.60 |
| November 2003- November 2004 | 35 *overtime per 2 weeks* | $27.96 | 52 | $25,443.60 |
| November 2004- June 2005 | 40 | $5.15 (wage differential) | 31 | $6,386.00 |
| November 2004- June 2005 | 35 *overtime per 2 weeks* | $29.95 | 31 | $16,247.88 |
| June 2005- August 2005 | 40 | $4.73 (wage differential) | 10 | $1,892.00 |
| June 2005- August 2005 | 35 *overtime per 2 weeks* | $29.95 | 10 | $5,241.25 |
| Total | | | | $69,272.06 |

Note: Absent discrimination, Complainant, who was a GS-5/6 in May of 2001, became a GS-5/7 in June of 2002, and will become a GS-5/8 in June of 2005, would have become a GS-6/6 in November of 2001, a GS-7/5 in November of 2002, a GS-8/4 in November of 2003, and a GS-9/3 in November of 2004. Front wages are only demanded if Complainant is not placed at GS-7/5 after the Hearing, at GS-8/4 in November of 2003, and at GS-9/3 in November of 2004.